IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02424-PAB

KENDRA MEDINA,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Kendra Medina on September 27, 2016. Plaintiff seeks review of the final decision of defendant Nancy A. Berryhill (the "Commissioner") denying her claim for supplemental security income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381, et seq. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

**I. BACKGROUND**

On June 24, 2013, plaintiff applied for supplemental security income under Title XVI of the Act. R. at 11. Plaintiff alleged that she had been disabled since October 18, 2012. *Id*. After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on April 21, 2015. *Id*. On May 15, 2015, the ALJ issued a decision denying plaintiff's claim. R. at 20. The ALJ found that

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

plaintiff had the following severe impairments: obesity and chronic low back pain due to degenerative disc disease, with exacerbation secondary to status post multiple steroid injections. R. at 13. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, R. at 14, and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except the claimant must be able to sit and stand at will. The claimant can stand or walk 20-30 minutes and would be able to sit about 30 minutes, sitting cumulatively would be up to 5 hours in an eight-hour day, and standing or walking would be up to 5 hours in an eight-hour workday. The claimant would not be off task during the shifting of position. She can never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. She can occasionally climb stairs, ramps, and stoop. She is not capable of driving or commercial driving. She must avoid concentrated exposure to extreme cold, avoid even moderate exposure to vibration, unprotected heights, and hazardous or moving machinery. She would likely need to lie down during the lunch hour for 20-30 minutes, wherever allowable, in her private car or in an employee break room.

*Id*. Plaintiff has no past relevant work. R. at 18. Based upon the RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including cashier II, assembler, and order clerk. R. at 19.

On July 29, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's denial of her claim. R. at 1. Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to

determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the

initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C.  The ALJ's Decision

Plaintiff argues that the ALJ erred by failing to strictly adhere to the limitations provided in the treating source opinion of Jan Dunn, M.D. despite giving Dr. Dunn's opinion great weight.  Docket No. 14 at 16.[2]

On August 20, 2015, Dr. Dunn examined plaintiff and opined that plaintiff had "chronic low back pain" and would need to lie down "once every 3-4 hours for 15-20 [minutes]."  R. at 388-39.  Dr. Dunn also opined that plaintiff could be on her feet 4-5 hours in an eight-hour workday.  R. at 388-89.

The ALJ gave "great weight" to this opinion and found that it "appears reasonable in light of the entire medical evidence."  R. at 18.  The ALJ stated that she "adopted Dr. Dunn's limitations, and interpreted Dr. Dunn's opinion regarding the claimant's need to lie down up to 20 minutes at a time every 3-4 hours as needing to lie down once at work, and again when the work shift is over."  *Id*.  The ALJ interpreted the plaintiff's need to lie down in such a way that it would have limited impact on plaintiff's ability to work an eight-hour workday by finding that plaintiff could "lie down before the

---

[2] As an aside to her main argument, plaintiff also claims that the ALJ should have credited plaintiff's testimony that she has to lie down "on an unpredictable basis." Docket No. 14 at 17 (emphasis removed).  However, the ALJ found plaintiff "not fully credible" and rejected plaintiff's testified limitations to the extent they were inconsistent with the RFC the ALJ found.  R. at 16.  The ALJ supported this determination by pointing to substantial evidence in the record that plaintiff's impairments were not as limiting as plaintiff claimed.  *Id*.

work shift, lie down at lunch, and lie down again after work." *Id*. Additionally, the ALJ expressed skepticism that such a limitation was warranted, stating that even this interpretation of plaintiff's need to lie down "appears somewhat more limited than is supported by the relatively benign medical evidence." *Id*.

First, Plaintiff argues that the ALJ's interpretation does not "account for the realities of the work day" because it does not contemplate a nine-hour workday with an unpaid lunch hour. Docket No. 14 at 18. This argument is contrary to the regulatory scheme and interpretations that the ALJ is required to apply, and which plaintiff does not challenge as unreasonable in light of the underlying statutes. Specifically, a claimant's RFC is the "most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). Thus, the ALJ's use of the upper limit was based on substantial evidence.

Second, plaintiff argues that it was improper for the ALJ to adopt a limitation that plaintiff only needs to lie down every four hours, when Dr. Dunn opined that plaintiff would need to lie down every three to four hours. Docket No. 14 at 19. Plaintiff makes a similar argument with respect to the ALJ's adoption of the higher end of the range Dr. Dunn provided for plaintiff's standing and walking limitations. *Id*. at 21. Plaintiff claims that the ALJ "did not explain why she ignored all but the upper end of Dr. Dunn's range[s]." *Id*. This argument is unpersuasive. With respect to plaintiff's need to lie down, the ALJ questioned whether the limitation was warranted in light of the "relatively benign medical evidence" that the ALJ discussed, R. at 18, including that, when Dr. Dunn initially examined plaintiff, plaintiff "made no mention of back pain" and the doctor's physical examination findings were "generally unremarkable." R. at 17; *see*

6

*also* R. at 435-36 (physical examination notes). With respect to plaintiff's ability to stand and walk, the ability to stand for five hours adopted by the ALJ in the RFC is within the range opined by Dr. Dunn. The ALJ did not give Dr. Dunn's opinion controlling weight and, despite giving Dr. Dunn's opinion great weight, the ALJ is not required to adopt its limitations verbatim into the RFC. *See Carver v. Colvin*, 600 F. App'x 616, 620 (10th Cir. 2015) (unpublished) (finding no error where an ALJ did not adopt limitations verbatim from a doctor's opinion into the RFC despite giving the opinion great weight). Rather, the ALJ's RFC determination must be based on "all the relevant evidence in your case record." 20 C.F.R. § 416.945(a)(1). The ALJ's finding that plaintiff is capable of standing or walking for up to five hours in a workday is supported by substantial evidence in the record, including opinions that plaintiff has "no limitations for sitting and standing," which the ALJ accorded some weight. R. at 17; *see also* R. at 18 (according the opinion of Dr. Easchief "less weight" than the opinion of Dr. Dunn). Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is **AFFIRMED**.

DATED March 27, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge